IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| RICHARD SLEZAK, | Case No. 19-cv-00082-DKW-KJM |
| Plaintiff, | **ORDER (1) GRANTING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS; AND (2) DISMISSING COMPLAINT IN PART WITH PARTIAL LEAVE TO AMEND**[1] |
| v. | |
| SUBARU CORPORATION, SUBARU OF AMERICA, DOES 1-25, | |
| Defendants. | |

On October 19, 2018, Plaintiff Richard Slezak, proceeding pro se, filed a

Complaint against Subaru Corporation, Subaru of America (Subaru Corporation and

Subaru of America, together, the "Subaru Defendants"), and Does 1-25 (Does 1-25

and the Subaru Defendants, collectively, "Defendants"). Dkt. No. 1. Slezak

subsequently filed an application to proceed *in forma pauperis* ("IFP Application").[2]

Dkt. No. 6.

---

[1]Pursuant to Local Rule 7.2(d), the Court finds these matters suitable for disposition without a hearing.
[2]The Court subjects each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

# I. Slezak's IFP Application

Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that demonstrates an inability to pay. *See* 28 U.S.C. § 1915(a)(1). While Section 1915(a) does not require a litigant to demonstrate absolute destitution, *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948), the applicant must nonetheless show that he is "unable to pay such fees or give security therefor," 28 U.S.C. § 1915(a).

Here, Slezak has made the required showing under Section 1915(a). In the IFP Application, Slezak states that he is unemployed and has received no pay during 2019. Further, Slezak states that he receives approximately $400 a year from a "few shares" he owns, has $400 in a checking or savings account, and owns a 2014 Subaru for which he does not know the value and is the subject of this litigation. Slezak does state, though, that he owns real estate on Maui that is worth "millions," but, he claims, is "now unusable." He also states that he is homeless. Further, Slezak does not report any monthly expenses, but states that he owes $15,000 to the U.S. Department of Education, $2,000 to $3,000 in real estate taxes, and $1,900 in credit card debt.

Although these figures do not necessarily shed a complete or coherent picture on the state of Slezak's finances, given that Slezak states that he is unemployed, it

appears that his income falls below the poverty threshold identified by the Department of Health and Human Services' ("HHS") 2019 Poverty Guidelines. *See* HHS Poverty Guidelines, available at: https://aspe.hhs.gov/poverty-guidelines. In addition, at this juncture, the Court cannot say that Slezak has sufficient assets to provide security.   As a result, the Court GRANTS the IFP Application, Dkt. No. 6, with the proviso that, should a more coherent picture of Slezak's finances become available later in this case, the Court will be prepared to re-visit this decision.

## II.    Screening of Slezak's Complaint

The Court liberally construes the pro se Complaint.   *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987).   However, the Court cannot act as counsel for a pro se litigant or supply the essential elements of a claim.   *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

In his Complaint, Slezak purports to bring five claims related to a Subaru vehicle he purchased on February 14, 2014.   Those claims are: (1) breach of contract; (2) breach of implied warranties; (3) violation of the Magnuson Moss Act (MMA); (4) breach of express warranties; and (5) punitive damages.   The Court addresses each purported claim below.

1.    **Breach of Contract**

The Complaint alleges that Slezak's vehicle is "currently in the possession" of Servco Subaru of Maui and has been so "for the past two days."   It is further alleged that "[n]o one has said if any repairs will be done or if it will be covered by warranty."

The Complaint, however, does not allege that Slezak and the named defendants, i.e., the Subaru Defendants, have entered into any contract.   Instead, the Complaint only asserts that Slezak has purchased a vehicle manufactured by the Subaru Corporation.   Further, even if there was a contract, the Complaint does not allege that the Subaru Defendants have breached any provision of the same. Instead, the Complaint alleges that Slezak's vehicle is currently in the possession of Servco Subaru of Maui–an unnamed defendant–and no one at Servco Subaru of Maui has said whether any repairs will be done.   The Complaint also fails to identify, among other things, the provision of any contract with Servco Subaru (or with anyone else) that has been breached.   *See Honold v. Deutsche Bank. Nat'l Trust Co.*, 2010 WL 5174383, at *3 (D. Haw. Dec. 15, 2010) (dismissing a breach-of-contract claim for failure to identify the contract at issue, the parties to the contract, whether the plaintiff performed under the contract, the particular provision of the contract allegedly violated, and how the defendants allegedly breached the contract).

As a result, the Court DISMISSES WITHOUT PREJUDICE and with leave to amend Slezak's claim for breach of contract.

**2.     Breach of Implied Warranties**

In the Complaint, Slezak phrases this claim as an alleged violation of the "implied warranty of fitness of merchantability."   Because Slezak is proceeding pro se, arguably, he could be bringing a claim for an alleged violation of the implied warranty of merchantability, the implied warranty of fitness for purpose, or both. Nonetheless, the Court will construe this claim as only bringing a claim for an alleged violation of the implied warranty of merchantability because there is no allegation in the Complaint that Slezak's vehicle was purchased for a purpose other than the usual purpose for which any vehicle is bought.   *See Ontai v. Straub Clinic & Hosp. Inc.*, 659 P.2d 734, 744 (Haw. 1983) (explaining that the implied warranty of merchantability means that goods are fit for the *ordinary* purpose for which such goods are used, while the implied warranty of fitness for a particular purpose requires that a seller know of the *particular* purpose for which the goods are required).

So construed, the Complaint alleges that Defendants have failed to perform warranty work after being informed of defects in Slezak's vehicle.   More specifically, the Complaint alleges that the vehicle has had numerous problems and defects, including a defective hood assembly, construction materials that could be

eaten by a "small animal," tires that wore out after less than 13,000 miles, a transmission that locked in park, rust that appeared within 3 years of purchase, a car radio that lasted "a couple of years," a seatbelt that is difficult to detach, a fan belt that "slipped off" leaving the vehicle "inoperable," and gas mileage that "does not come close" to published data. The Complaint alleges that none of these issues has been corrected, Slezak has been refused repair on various occasions, and Subaru Corporation has refused to repurchase the vehicle.

To allege a claim for breach of the implied warranty of merchantability, a plaintiff must allege that (1) the seller was a merchant of the goods at issue, and (2) the goods were defective or unfit for the ordinary purpose for which they are used. *Neilsen v. Am. Honda Motor Co., Inc.*, 989 P.2d 264, 274 (Haw. Ct. App. 1999). Here, for purposes of screening this claim, Slezak has satisfied this standard. First, although Slezak does not allege that the Subaru Defendants sold him the vehicle at issue, in Hawaiʻi, vertical privity is not required between a plaintiff and a defendant, provided that the plaintiff "may reasonably be expected to use" the goods in question and is injured by the alleged breach. *See Ontai*, 659 P.2d at 743 n.5 (citing Haw. Rev. Stat. § 490:2-318). For present purposes, the Court is willing to assume that Slezak is someone who "may reasonably be expected to use" the vehicle at issue, and the Complaint alleges that he has been injured by the Subaru Defendants' breach of the implied warranty of merchantability. *See Stoebner Motors, Inc. v.*

*Automobili Lamborghini S.P.A.*, 459 F. Supp. 2d 1028, 1035-36 (D. Haw. 2006) (finding that a plaintiff could bring a claim for breach of an express warranty, even though the plaintiff and the defendant lacked vertical privity). Second, the Complaint adequately alleges, for present purposes, that Slezak's vehicle was defective or unfit for its ordinary purpose of being used as a mode of transportation.

As a result, Slezak's claim for breach of an implied warranty of merchantability is not dismissed.

### 3. The Magnuson-Moss Act

The Ninth Circuit has explained that, under the MMA, a plaintiff can bring a claim for a breach of warranty under state law or for failure to otherwise comply with the statute. *See Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 n.3 (citing 15 U.S.C. § 2310(d)). Here, like the complaint in *Clemens*, the Complaint does not allege a failure to comply with the MMA, other than the Defendants' alleged breach of warranties under state law. *Id.* at 1022. As a result, because Slezak's MMA claims "stand or fall with his express and implied warranty claims under state law," the Court does not further address the substantive merit of Slezak's MMA claims, other than to say that they are dismissed without prejudice or not dismissed to the same extent as the underlying breach of warranty claims discussed herein.

One further matter the Court will address, though, with respect to Slezak's MMA claims, is the Court's subject matter jurisdiction. Under the MMA, unlike the general diversity statute, a federal court has subject matter jurisdiction if, among other things, all of the claims in the case involve an amount in controversy of $50,000 or more. 15 U.S.C. §§ 2310(d)(1)(B), (d)(3). In the Complaint, it is alleged, without further factual development, that the amount in controversy in this case exceeds $75,000.

Ordinarily, if made in good faith, the amount "claimed by the plaintiff" controls at the dismissal stage of proceedings. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-289 (1938). For present purposes, the Court is willing to assume the amount claimed by Slezak is made in good faith. However, this is largely due to the lack of factual development in the Complaint as to the value of Slezak's vehicle, which makes it impossible to ascertain whether the amount claimed is made in good faith. As such, should the matter be properly raised later in proceedings, and should, "from the proofs," it be shown "to a like certainty that the plaintiff never was entitled to recover that amount," the Court will re-visit this matter at that time. *See id*. at 289.

### 4. <u>Breach of Express Warranty</u>

To set forth a claim for the breach of an express warranty, a plaintiff must allege (1) the defendant made an affirmation of fact or promise regarding a product,

(2) the affirmation or promise "became part of the basis of the bargain," and (3) the product failed to perform according to the affirmation or promise. *Neilsen*, 989 P.2d at 274-275.

In the Complaint, it is alleged that Slezak's vehicle was sold with an express warranty, which was extended by "Subaru through its dealer," and the express warranty was breached as a result of "Servco Subaru" not repairing the defects in the vehicle.

The Complaint's allegations regarding the alleged breach of an express warranty are currently insufficient. Notably, the Complaint fails to identify precisely what it is the Subaru Defendants are alleged to have expressly warranted. It is, thus, impossible to determine whether any warranty has been breached. In addition, there is no allegation that the express warranty "became a part of the basis of the bargain" when Slezak purchased the vehicle. The Court further notes that, in the Complaint, although Slezak captions this claim as one for breach of an express warranty, it strongly appears that he is, again, attempting to assert an implied-warranty claim. *See* Compl. at 3 (alleging that the vehicle did not fulfill its "intended purpose").

In any event, to the extent Slezak attempts to bring a claim for breach of an express warranty, the same is DISMISSED WITHOUT PREJUDICE and with leave

to amend. Should Slezak choose to bring an express-warranty claim again in any amended complaint he may file, he <u>must</u> address the deficiencies set forth above.

### 5. <u>Punitive Damages</u>

In the Complaint, a separate claim is alleged for punitive damages. It is alleged that the Defendants have shown "reckless disregard" to Slezak and their acts have been "willful and want and calculated to discourage and dissuade [Slezak from] pursuing his remedies further."

Apart from the fact that those allegations are merely legal conclusions, which this Court need not accept, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that a court need not accept legal conclusions), "a claim for punitive damages is not an independent tort, but is purely incidental to a separate cause of action," *Ross v. Stouffer Hotel Co. (Hawai'i) Ltd., Inc.*, 879 P.2d 1037, 1049 (Haw. 1994).

Moreover, with respect to Slezak's state law claims for the alleged breach of express and implied warranties, Hawai'i does not provide for punitive damages. *See* Haw. Rev. Stat. § 490:2-714 (allowing damages for a breach of warranty equal to "the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted," as well as, "[i]n a proper case," incidental and consequential damages). The same is true for any claims under the MMA, as that statute only allows for punitive damages if

they are allowed under state law for a breach of warranty. *Kelly v. Fleetwood Enterprises, Inc.*, 377 F.3d 1034, 1039-40 (9th Cir. 2004). The same is also true for any breach-of-contract claim, given that Slezak does not allege any tortious conduct. *See Francis v. Lee Enterprises, Inc.*, 971 P.2d 707, 717 (Haw. 1999) (explaining that Hawai'i law does "not allow a recovery in tort, including a recovery of punitive damages, in the absence of conduct that (1) violates a duty that is independently recognized by principles of tort law and (2) transcends the breach of the contract.") (emphasis omitted).

As a result, Slezak's claim for punitive damages is DISMISSED without leave to amend.

## III. <u>Limited Leave to Amend</u>

As set forth above, Slezak may amend his complaint to cure the deficiencies that have been identified in this Order. More specifically, Slezak is granted leave to amend his claims for breach of contract and breach of an express warranty. Slezak need not amend his claims for breach of an implied warranty and under the MMA, but he <u>must</u> re-allege that claims in any amended complaint he may file if he intends to proceed with them going forward. This is because Slezak may not incorporate any part of the original Complaint, Dkt. No. 1, in an amended complaint. To the extent any claims are not re-alleged in an amended complaint, they may be deemed voluntarily dismissed. *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir.

2012) (en banc) (stating that claims dismissed with prejudice need not be re-alleged in an amended complaint to preserve them for appeal, but claims that are voluntarily dismissed are considered waived if they are not re-pled).

In addition, to the extent an amended complaint is not filed by the deadline set forth below, this case will proceed only with the claims alleged in the original Complaint that have survived dismissal in this Order.   Finally, while the filing of any amended complaint and subsequent review thereof is pending, the Court stays service on the Defendants.

## IV.   Conclusion

Slezak's application to proceed *in forma pauperis*, Dkt. No. 6, is GRANTED. The Complaint, Dkt. No. 1, is DISMISSED IN PART WITH PARTIAL LEAVE TO AMEND as set forth herein.

Slezak may have until **April 30, 2019** to file an amended complaint.   **The Court cautions Slezak that failure to file an amended complaint by April 30, 2019 may result in the dismissal of those claims that the Court has dismissed without prejudice in this Order.**

IT IS SO ORDERED.

Dated: March 28, 2019 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

12