IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| RICHARD SLEZAK,<br><br>Plaintiff,<br><br>v.<br><br>SUBARU CORPORATION,<br>SUBARU OF AMERICA,<br>DOES 1-25,<br><br>Defendants. | Case No. 19-cv-00082-DKW-KJM<br><br>**ORDER DISMISSING CERTAIN CLAIMS AND DIRECTING SERVICE OF THE FIRST AMENDED COMPLAINT**[1] |

On March 28, 2019, this Court granted Plaintiff Richard Slezak's application to proceed *in forma pauperis* and provided him with partial leave to amend his complaint. Dkt. No. 7. On May 2, 2019, Slezak, proceeding pro se, filed a First Amended Complaint (FAC) against Subaru Corporation, Subaru of America (Subaru Corporation and Subaru of America, together, the "Subaru Defendants"), and Does 1-25 (Does 1-25 and the Subaru Defendants, collectively, "Defendants"). Dkt. No. 9. Having reviewed the FAC, the Court will allow certain of the alleged claims to proceed, but dismisses others without further leave to amend. The Court also directs service of the FAC as set forth below.[2]

---

[1]Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing.
[2]The Court subjects each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state

I.      **Screening of the FAC**

The Court liberally construes the pro se FAC. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). However, the Court cannot act as counsel for a pro se litigant or supply the essential elements of a claim. *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

In the FAC, Slezak appears to bring six claims related to a Subaru vehicle he purchased on February 14, 2014. Those claims are: (1) breach of contract; (2) breach of the implied warranty of merchantability;[3] (3) breach of the implied warranty of fitness for purpose; (4) violation of the Magnuson Moss Act (MMA); (5) breach of express warranties; and (6) punitive damages. The Court addresses each alleged claim below.

---

a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

[3]As in the original complaint, the FAC refers to an "implied warranty of fitness of merchantability." Dkt. No. 9 at 3. Once again, the Court could liberally construe that statement as relying on the implied warranty of merchantability and/or the implied warranty of fitness for purpose. However, because the FAC (unlike the original complaint) also clearly alleges a further claim concerning the implied warranty of fitness for purpose, the Court will construe the FAC's second claim as being a merchantability one and the third claim as being a fitness-for-purpose one.

1. **Breach of Contract**

The FAC alleges that Subaru Corporation "contracted with [Slezak] through a third party known as 'Servco Subaru of Maui.'"[4] The FAC asserts that Subaru Corporation and Subaru of America have breached a contract with Slezak by refusing to honor a warranty and refusing to replace Slezak's vehicle.

Although the FAC is far from a model of clarity, the Court will allow Slezak's breach-of-contract claim to proceed against <u>only</u> Subaru Corporation and <u>only</u> with respect to its alleged failure to honor a warranty. The FAC does not allege that Slezak and Subaru of America are parties to a contract. *See Honold v. Deutsche Bank. Nat'l Trust Co.*, 2010 WL 5174383, at *3 (D. Haw. Dec. 15, 2010) (dismissing a breach-of-contract claim for failure to identify the contract at issue, the parties to the contract, whether the plaintiff performed under the contract, the particular provision of the contract allegedly violated, and how the defendants allegedly breached the contract). In addition, the FAC fails to allege that any contract between the parties contains a provision that any of the named defendants replace or repurchase a defective vehicle. *See id*. Instead, the FAC merely alleges that Subaru Corporation has refused to do so.

---

[4]Servco Subaru of Maui ("Servco") is an unnamed defendant in this action but, based upon the allegations in the FAC, has played a central role in the alleged issues concerning Slezak's vehicle.

Because Slezak has been provided with an opportunity to amend this claim, he will not be provided another opportunity to correct the above-mentioned deficiencies. As a result, the breach-of-contract claim (Claim One) may proceed only as set forth above.

### 2. **Breach of Implied Warranties**

#### A. **Merchantability**

In the March 28, 2019 Order, the Court found that Slezak's claim for a breach of the implied warranty of merchantability could proceed for purposes of screening. Dkt. No. 7 at 6-7. As a result, the same claim (Claim Two) in the FAC may also proceed against the Subaru Defendants.

#### B. **Fitness for Purpose**

In the March 28, 2019 Order, the Court declined to construe the original complaint as alleging a claim concerning the implied warranty of fitness for purpose because there was no allegation that Slezak's vehicle was purchased for a purpose other than the usual purpose for which any non-commercial vehicle is bought. *See Ontai v. Straub Clinic & Hosp. Inc.*, 659 P.2d 734, 744 (Haw. 1983) (explaining that the implied warranty of merchantability means that goods are fit for the *ordinary* purpose for which such goods are used, while the implied

warranty of fitness for a particular purpose requires that a seller know of the *particular* purpose for which the goods are required).

In the FAC, Slezak appears to try to correct the above deficiency by alleging that he intended to use his vehicle for business. However, that allegation alone does not correct the deficiencies with any claim concerning the implied warranty of fitness for purpose because there is no allegation that either or both of the Subaru Defendants *knew* of the particular purpose Slezak intended to use his vehicle. *See id.* As a result, Slezak's claim concerning the implied warranty of fitness for purpose (Claim Three) is DISMISSED. Moreover, because Slezak has had an opportunity to amend this claim and has failed to do so sufficiently, no further leave will be provided, and Claim Three will not proceed.

### 3. **Breach of Express Warranties**

To set forth a claim for the breach of an express warranty, a plaintiff must allege (1) the defendant made an affirmation of fact or promise regarding a product, (2) the affirmation or promise "became part of the basis of the bargain," and (3) the product failed to perform according to the affirmation or promise. *Neilsen v. Am. Honda Motor Co., Inc.*, 989 P.2d 264, 274-275 (Haw. Ct. App. 1999).

In the FAC, Slezak appears to allege that the vehicle at issue in this case was sold with express warranties. Slezak alleges that Servco provided him with a "warranty book" and Servco told him that "he would love [the] car, that Subaru(s) don't fail, there was nothing wrong with the vehicle and that they would do everything necessary to make Slezak happy with [his] purchase."

Although it is far from certain whether any of the foregoing alleged statements can be considered "an affirmation of fact or promise regarding a product," *see Torres v. Northwest Eng'g Co.*, 949 P.2d 1004, 1017 (Haw. Ct. App. 1997) (explaining that "commercial puffery" does not "constitute serious affirmations of fact"), at this juncture, the Court will allow this claim (Claim Five) to proceed against the Subaru Defendants solely with respect to the alleged statements made by Servco.[5][6]

### 4. The Magnuson-Moss Act

As explained in the March 28, 2019 Order, the Ninth Circuit has stated that, under the MMA, a plaintiff can bring a claim for a breach of warranty under state law or for failure to otherwise comply with the statute. *See Clemens v.*

---

[5] As for the "warranty book," the FAC does not allege any pertinent contents from the same, and thus, the Court cannot say that any affirmation of fact or promise regarding a product was made therein. Therefore, this claim (Claim Five) may not proceed with respect to allegations concerning a "warranty book."

[6] The Court acknowledges that there may be other deficiencies with respect to Claim Five, but, believes that addressing them (if at all) should be left for a point after screening.

*DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 n.3 (citing 15 U.S.C. § 2310(d)). Here, like the original complaint, the FAC does not allege a failure to comply with the MMA, other than the Subaru Defendants' alleged breach of warranties under state law. As a result, Slezak's MMA claims "stand or fall with his express and implied warranty claims under state law." *Id*. at 1022. This means that Slezak's MMA claim (Claim Four) may <u>only</u> proceed to the same extent as his claims for the alleged breaches of an implied warranty of merchantability and express warranties.

### 5. <u>Punitive Damages</u>

In the FAC (as in the original complaint), Slezak again asserts a standalone claim for punitive damages based solely on legal conclusions. For the reasons set forth in the March 28, 2019 Order, therefore, this claim (Claim Six) is DISMISSED, and this action will not proceed with any claim for punitive damages.

### 6. <u>Does 1-25</u>

The FAC alleges no claims and makes no factual allegations against Does 1-25. In fact, other than in the caption of the FAC, Does 1-25 are not mentioned again therein. As a result, the Court DISMISSES Does 1-25 from this action.

The sole defendants that shall remain in this action are Subaru Corporation and Subaru of America.

## II. Service of the FAC

Because Slezak has been granted leave to proceed *in forma pauperis*, and because certain of his claims as identified above may proceed, the Court finds that service of summons and the FAC is appropriate. To facilitate service, the Court ORDERS as follows:

1. The Clerk's Office is directed to send to Slezak for each of the Subaru Defendants to be served: one USM-285 form; one copy of the First Amended Complaint, Dkt. No. 9; one summons; one Notice of Lawsuit and Request for Waiver of Service of Summons form (AO 398); two (2) Waiver of Service of Summons forms (AO 399); an instruction sheet; and a copy of this Order. The Clerk shall also send a copy of this Order to the U.S. Marshal.

    Slezak shall complete the forms as directed and submit the following documents to the U.S. Marshal in Honolulu, Hawaii for each of the Subaru Defendants to be served: a completed USM-285 form; one copy of the First Amended Complaint; one summons; a completed Notice of Lawsuit and Request for Waiver of Service of Summons

form (AO 398); two (2) completed Waiver of Service of Summons forms (AO 399); and one copy of this Order.

2. Upon receipt of these documents from Plaintiff, the U.S. Marshal shall mail to Subaru Corporation and Subaru of America each: a copy of the First Amended Complaint; a completed Notice of Lawsuit and Request for Waiver of Service form (AO 398); two (2) completed Waiver of Service of Summons forms (AO 399); and one copy of this Order, as directed by Plaintiff without payment of costs. *See* Fed.R.Civ.P. 4(c)(3).

3. The U.S. Marshal shall retain the summonses and a copy of the First Amended Complaint. The U.S. Marshal shall file a returned Waiver of Service of Summons form as well as any Waiver of Service of Summons form that is returned as undeliverable, as soon as it is received.

4. If any of the Subaru Defendants does not return a Waiver of Service of Summons form within sixty days from the date that such forms are mailed, the U.S. Marshal shall:

a. Personally serve Subaru Corporation and Subaru of America, pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

b. Within ten days after personal service is effected, file the return of service for such Subaru Defendant, along with evidence of any attempts to secure a waiver of service of summons and of the costs subsequently incurred in effecting service. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the U.S. Marshal's office in photocopying additional copies of the summons and the First Amended Complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served Subaru Defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2).

5. Slezak is cautioned that if he fails to comply with this Order and his non-compliance prevents timely and proper service as set forth in Federal Rule of Civil Procedure 4(m), this action is subject to dismissal for failure to serve.

6. After service of the First Amended Complaint, Slezak must serve on the Subaru Defendants or their attorneys a copy of all further documents submitted to the Court. The U.S. Marshal is not responsible for serving these documents on Plaintiff's behalf. Slezak shall include, with any original paper filed with the Clerk of Court, a certificate stating the date that an exact copy of the document was served on the Subaru Defendants or their counsel, and the manner in which service was accomplished. Any paper received by a District or Magistrate Judge that has not been filed with the Clerk of Court or that does not include a certificate of service will be disregarded.

7. Until the First Amended Complaint is served and the Subaru Defendants or their attorneys file a notice of appearance, Slezak should not file motions or other documents with the Court. Slezak is further notified that he must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii.

## III. Conclusion

The First Amended Complaint, Dkt. No. 9, is DISMISSED IN PART WITHOUT LEAVE TO AMEND as set forth herein. In all other respects, this

case may proceed with service of the Subaru Defendants. Service shall take place in accordance with the terms of this Order.

IT IS SO ORDERED.

Dated: May 23, 2019 at Honolulu, Hawaiʻi.



Derrick K. Watson
United States District Judge

---

*Richard Slezak v. Subaru Corporation, et al*; Civil No. 19-00082 DKW-KJM;
**ORDER DISMISSING CERTAIN CLAIMS AND DIRECTING SERVICE OF THE FIRST AMENDED COMPLAINT**