IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| RICHARD SLEZAK,<br><br>      Plaintiff,<br><br>  v.<br><br>SUBARU CORPORATION,<br>SUBARU OF AMERICA,<br><br>      Defendants. | Case No. 19-cv-00082-DKW-KJM<br><br>**ORDER (1) GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS FIRST AMENDED COMPLAINT, AND (2) NOTIFYING PLAINTIFF OF DEFICIENCY IN SERVICE** |

Subaru of America, Inc. ("SOA"), the only defendant that appears to have been served in this action, moves for dismissal of the first amended complaint ("FAC") on the principal grounds that (1) this Court lacks personal jurisdiction over SOA, and (2) this Court lacks subject-matter jurisdiction over this entire case. As set forth below, the Court agrees that personal jurisdiction is lacking over SOA, and thus, GRANTS the motion to dismiss to the extent that SOA shall be dismissed without prejudice on that basis. The Court disagrees, however, at least at this juncture in the proceedings, that subject-matter jurisdiction does not exist. Therefore, the motion to dismiss is DENIED in that regard. Finally, because the record reflects that service has not been completed on Subaru Corporation, the only remaining defendant in this action, the Court notifies Plaintiff Slezak of the

foregoing deficiency and of the need to timely correct the same in order to avoid dismissal of the remaining defendant.

I. **Procedural Background**

On May 23, 2019, this Court entered an order, dismissing certain of Slezak's claims, allowing other claims to proceed, and directing the U.S. Marshal to serve the Summons and the FAC on the named defendants–SOA and Subaru Corporation (collectively, "the Subaru Defendants"). Dkt. No. 11. More specifically, the Court allowed a claim for breach of contract to proceed against Subaru Corporation, and claims for breach of the implied warranty of merchantability, breaches of certain express warranties, and violations of the Magnuson-Moss Act ("MMA") to proceed against the Subaru Defendants.

On December 6, 2019, SOA filed the instant motion to dismiss. Dkt. No. 20. At the same time, SOA filed a waiver of service of Summons on its behalf. Dkt. No. 22. A waiver of service of Summons has not been filed by Subaru Corporation and, on December 11, 2019, the Summons was returned unexecuted as to the same. Dkt. No. 26. After the filing of the motion to dismiss, the Court set a hearing for the same on January 17, 2020. Dkt. No. 24. As a result, pursuant to

Local Rule 7.2, a response to the motion to dismiss was due no later than December 27, 2019. No such response, however, has been filed.[1]

## II. Legal Standard

### 1. Subject Matter Jurisdiction

Federal Rule of Civil Procedure 12(b)(1) allows a party to move for dismissal on the ground of a lack of subject-matter jurisdiction. A party may do so through a facial and/or factual attack. *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003). In other words, a party can challenge subject-matter jurisdiction facially by confining the inquiry to allegations in the complaint or factually by presenting affidavits or other evidence. *Id.* The burden of establishing subject-matter jurisdiction rests on the party asserting it, here, Slezak. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

### 2. Personal Jurisdiction

Pursuant to Federal Rule of Civil Procedure 12(b)(2), a defendant may move for dismissal due to a lack of personal jurisdiction. When a defendant does so, "the plaintiff bears the burden of establishing that jurisdiction is proper." *Mavrix Photo, Inc. v. Brand Technologies, Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011). As in this case, when an evidentiary hearing is not held, while the plaintiff cannot rest

---

[1] Because no response has been filed, the Court opted to vacate the hearing on the motion to dismiss. Dkt. No. 27.

on the allegations of its complaint, uncontroverted allegations may be taken as true. However, a court cannot take as true allegations that are contradicted by affidavit. *Id*.

## III. Discussion

### 1. Subject-Matter Jurisdiction

The FAC appears to be premised on two sources of federal subject-matter jurisdiction, both of which, in the end, turn on the amount in controversy. The first basis is the Magnuson-Moss Act (MMA), which provides that a claim thereunder cannot be brought in federal court unless the amount in controversy is at least $50,000. 15 U.S.C. §§ 2310(d)(1)(B), (d)(3). The second basis is diversity jurisdiction, which requires a plaintiff to show that his citizenship is diverse from all defendants and that the amount in controversy exceeds $75,000. *Crum v. Circus Circus Enterprises*, 231 F.3d 1129, 1131 (9th Cir. 2000) (citing 28 U.S.C. § 1332(a)).

In the motion to dismiss, SOA does not present a factual attack on this Court's subject-matter jurisdiction because it has not presented any affidavits or other evidence in that regard.[2] Instead, SOA confines itself to the allegations of the FAC–a facial attack. With that in mind, as this Court explained in an earlier

---

[2]Although two declarations are attached to the motion, neither relates to SOA's subject-matter argument. Instead, both concern personal jurisdiction and, thus, will be addressed *infra*.

4

order, "[o]rdinarily, if made in good faith, the amount 'claimed by the plaintiff' controls at the dismissal stage of proceedings." 3/28/19 Order at 8, Dkt. No. 7 (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-289 (1938)).

In the FAC, Slezak claims that the amount in controversy exceeds $75,000, stating that he seeks return of the "purchase price of the vehicle" and consequential damages in excess of $200,000. FAC at 2, 4.[3] The consequential damages portion of Slezak's demand appears to be premised on damage to Slezak's unidentified business and costs Slezak incurred in repairing his vehicle and in obtaining a rental car. *See id*. at 3-4. As SOA points out, these assertions are vague at best. Notably, Slezak does not mention the purchase price of his vehicle, despite repeatedly stating that the same should be returned to him.

Nonetheless, "[t]o justify dismissal, it must appear to a legal certainty that the claim is really for less than the jurisdictional amount." *Crum*, 231 F.3d at 1131 (quotations omitted). Here, while the Court could certainly make an educated guess, the Court cannot yet say to a legal certainty that Slezak's claims are for less than the jurisdictional amount, especially when, due to the MMA, the jurisdictional amount is $50,000. For instance, the Court has no present basis to

---

[3]Slezak also sought $250,000 in punitive damages, but, in an earlier order, the Court dismissed his claim for punitive damages without further leave to amend. 5/23/19 Order at 7, Dkt. No. 11.

5

determine the purchase price of Slezak's unidentified Subaru, the costs of repairs and rental cars he allegedly incurred, or any loss he suffered to his business. Moreover, other than speculation, SOA provides no basis to support a finding that the combination of all of Slezak's damages components do not satisfy the two jurisdictional thresholds. *See e.g.* Dkt. No. 20-2 at 18 ("[SOA] contends that Plaintiff has not provided the cost of his Subaru vehicle because that cost, together with all fees and taxes, will fall well short of the amount [in controversy requirement].") (footnote omitted).

As a result, the Court DENIES the motion to dismiss to the extent it is premised on a lack of subject-matter jurisdiction.[4]

### 2. **Personal Jurisdiction**

SOA argues that personal jurisdiction is lacking because the MMA does not authorize nationwide service of process, and there is neither general nor specific personal jurisdiction over it. The Court addresses each argument in turn.

First, the Court agrees that the MMA does not authorize nationwide service of process in an action brought by a consumer, such as Slezak. *See* 15 U.S.C. § 2310(d); *Pilgrim v. Gen. Motors Co.*, 2019 WL 5779892, at *5 n.13 (C.D. Cal. Oct. 4, 2019).

---

[4] The Court notes that SOA does not argue that the parties lack diversity of citizenship.

Second, the Court also agrees that there is no general personal jurisdiction over SOA for purposes of this action. The U.S. Supreme Court has explained that the "paradigm" forums for the exercise of general personal jurisdiction over a corporation are its place of incorporation and principal place of business. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). Here, the FAC alleges only that SOA is incorporated "in a different state from Hawaii where plaintiff resides…." In the motion to dismiss, SOA more finely pinpoints its place of incorporation (and principal place of business) as New Jersey. Dkt. No. 20-2 at 9; Decl. of Terri Claybrook at ¶ 4, Dkt. No. 20-3. In light of these undisputed facts, and Slezak's failure to provide any reason why the Court should look to Hawaiʻi as SOA's "home," the Court finds that there is no general personal jurisdiction over SOA here. *See Goodyear*, 564 U.S. at 924.

Third, the Court further agrees that there is no specific personal jurisdiction over SOA in this case. In order to exercise specific personal jurisdiction over a defendant, the defendant "must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself" of the forum. *Freestream Aircraft (Bermuda) Ltd. v. Aero Law Group*, 905 F.3d 597, 603 (9th Cir. 2018). Additionally, "the claim must be one which arises out of or relates to the defendant's forum-related

activities[.]" Finally, "the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable." *Id.*

Here, there are no allegations in the FAC that SOA directed activities or consummated transactions in Hawaiʻi or with Hawaiian residents. Rather, the FAC is largely premised on the *lack* of SOA's activity, given that it is alleged that SOA, on three occasions, did not repair or replace Slezak's vehicle when requested. *See* FAC at 2 ("I requested to [SOA] on at least three times in writing to replace/repurchase my vehicle. Each time they did not do so."). The allegations in the FAC notwithstanding, in the motion to dismiss, SOA acknowledges that, in 2014, Slezak contacted SOA about a dead vehicle battery and SOA agreed to (and later did) send Slezak a check to cover the cost of a replacement battery Slezak had purchased. Dkt. No. 20-2 at 11-12. This event–i.e., the replacement of a vehicle battery–appears to be mentioned in the FAC, in that it is alleged that "[t]he car has had numerous problems and defects none of which the manufacturer would cure other that [*sic*] replacing a battery about 10 months after purchase." FAC at 1. However, even if the Court was willing to assume that this event constituted some form of contact between SOA and this forum, Slezak's claims do not arise out of or relate to SOA reimbursing Slezak the cost of a replacement battery. Therefore, this solitary contact, which Slezak

8

initiated, would not be a permissible basis to exercise specific personal jurisdiction over SOA. *See Freestream Aircraft*, 905 F.3d at 603.

Accordingly, with there being no basis to exercise personal jurisdiction over SOA, the motion to dismiss is GRANTED to the extent that SOA is DISMISSED WITHOUT PREJUDICE from this action due to a lack of personal jurisdiction. *See Fiorani v. Berenzweig*, 441 F. App'x 540, 541 (9th Cir. July 6, 2011) (stating that a dismissal for lack of personal jurisdiction should be *without* prejudice) (citing *Grigsby v. CMI Corp.*, 765 F.2d 1369, 1372 n.5 (9th Cir. 1985)).[5]

### IV. Notice to Slezak of his Service Deficiency

The FAC was filed on May 2, 2019. Dkt. No. 9. On May 23, 2019, this Court allowed certain claims to proceed and directed service of the Summons and the FAC. Dkt. No. 11. In doing so, the Court not only instructed the U.S. Marshal to serve the Subaru Defendants, but also instructed Slezak to complete the forms necessary for the U.S. Marshal to carry out the task of serving the Subaru Defendants. *Id.* at 8-9. On December 6, 2019, SOA returned a waiver of the service of Summons. Dkt. No. 22. The same did not occur with respect to Subaru Corporation, as, on December 11, 2019, its Summons was returned unexecuted. Dkt. No. 26. The unexecuted Summons states that Subaru

---

[5] The Court, thus, need not address SOA's alternative argument that it should be dismissed due to Slezak's alleged failure to timely serve the FAC on SOA. *See* Dkt. No. 20-2 at 22-23.

Corporation was not served because it is "in Japan." *Id.* at 1. In addition, in the receipt attached to the unexecuted Summons, it explains that the process server talked to an attorney for SOA, and the attorney stated that Subaru Corporation is "from Japan." Dkt. No. 26-1 at 1. The receipt further indicates that Slezak provided the U.S. Marshal with the same New Jersey address for both SOA and Subaru Corporation for purposes of service. *Id.* In the motion to dismiss, SOA states that, on October 15, 2019, it received two envelopes each containing, *inter alia*, a waiver of the service of Summons, one of which was addressed to SOA and one addressed to Subaru Corporation. Dkt. No. 20-2 at 23. SOA further states that it is not authorized to accept service of process on behalf of Subaru Corporation. *Id.*

The foregoing indicates that Subaru Corporation has not yet been served with a Summons or with a copy of the FAC. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, Slezak had 90 days after the filing of the FAC to complete service–a period that expired approximately 5 months ago.[6] Slezak has not requested additional time to complete service on Subaru Corporation.

---

[6]The Court notes that the 90-day deadline in Rule 4(m) does not expressly apply to service of a corporation that is not within a judicial district of the United States. *See* Fed.R.Civ.P. 4(m) (cross-referencing Fed.R.Civ.P. 4(h)(2)). Nonetheless, Rule 4(m)'s deadline does apply to the service of a corporation's officers or agents that are within a judicial district of the United States pursuant to Federal Rule of Civil Procedure 4(h)(1).

Nonetheless, Slezak is proceeding pro se. As a result, the Court will allow him an additional 45 days from the date of this Order to complete service on Subaru Corporation. Because Slezak is also proceeding *in forma pauperis*, the Court will again direct the U.S. Marshal to carry out service for Slezak. That being said, it is Slezak's responsibility to "provide[] the marshal with sufficient information to serve" Subaru Corporation. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994). In the context of this case, that means either (1) supplying the U.S. Marshal with information that complies with Rule 4(h)(2) of the Federal Rules of Civil Procedure, or (2) supplying the U.S. Marshal with information that complies with Rule 4(h)(1), such as by providing the U.S. Marshal with the mailing address of "an officer, a managing or general agent, or any other agent authorized by appointment of law to receive service of process…" on behalf of Subaru Corporation. So it is clear, it is **not** the responsibility of the U.S. Marshal to obtain any of the foregoing information for Slezak, nor is it the responsibility of SOA to assist Slezak in his efforts. Instead, *Slezak* must provide the necessary information to the U.S. Marshal that would enable the U.S. Marshal to carry out his duties in a timely fashion.

To facilitate the foregoing, the Court ORDERS as follows:

1. The Clerk's Office is directed to send to Slezak: one USM-285 form; one copy of the First Amended Complaint, Dkt. No. 9; one summons; one Notice of Lawsuit and Request for Waiver of Service of Summons form (AO 398); two (2) Waiver of Service of Summons forms (AO 399); an instruction sheet; and a copy of this Order. The Clerk shall also send a copy of this Order to the U.S. Marshal.

2. Slezak shall complete the forms as directed and submit the following documents to the U.S. Marshal in Honolulu, Hawaii: a completed USM-285 form; one copy of the First Amended Complaint; one summons; a completed Notice of Lawsuit and Request for Waiver of Service of Summons form (AO 398); two (2) completed Waiver of Service of Summons forms (AO 399); and one copy of this Order.

3. Upon receipt of these documents from Plaintiff, the U.S. Marshal shall mail to the address for Subaru Corporation provided by Slezak: a copy of the First Amended Complaint; a completed Notice of Lawsuit and Request for Waiver of Service form (AO 398); two (2) completed Waiver of Service of Summons forms (AO 399); and one copy of this Order, without payment of costs. *See* Fed.R.Civ.P. 4(c)(3).

4. The U.S. Marshal shall retain the Summons and a copy of the First Amended Complaint. The U.S. Marshal shall file a returned Waiver of Service of Summons form as well as any Waiver of Service of Summons form that is returned as undeliverable, as soon as it is received.

5. If a Waiver of Service of Summons form is not returned within sixty days from the date that such form is mailed, the U.S. Marshal shall:

   a. Personally serve Subaru Corporation, as directed by Plaintiff.

   b. If personal service cannot be effected, as directed by Plaintiff, notify the Court of the same and the reason(s), if any.

   c. If personal service is effected, within ten days of doing so, file the return of service, along with evidence of any attempts to secure a waiver of service of Summons and of the costs subsequently incurred in effecting service. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the U.S. Marshal's office in photocopying additional copies of the Summons and the First Amended Complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against Subaru Corporation in

accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2).

6. Slezak is cautioned that if he fails to comply with this Order and his non-compliance prevents timely and proper service within the deadline set forth herein, this action will be dismissed.

7. After service of the First Amended Complaint, Slezak must serve on Subaru Corporation or its attorneys a copy of all further documents submitted to the Court. The U.S. Marshal is not responsible for serving any documents on Plaintiff's behalf beyond the Summons and the FAC. Slezak shall include, with any original paper filed with the Clerk of Court, a certificate stating the date that an exact copy of the document was served on Subaru Corporation or its counsel, and the manner in which service was accomplished. Any paper received by a District or Magistrate Judge that has not been filed with the Clerk of Court or that does not include a certificate of service will be disregarded.

8. Slezak must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii.

## V. Conclusion

For the reasons set forth herein, the motion to dismiss, Dkt. No. 20, is DENIED IN PART and GRANTED IN PART. Defendant Subaru of America, Inc. is DISMISSED WITHOUT PREJUDICE due to a lack of personal jurisdiction. Defendant Subaru Corporation remains as the only defendant in this action. Plaintiff Richard Slezak may have forty-five (45 days) from the date of this Order – in other words, by March 2, 2020 – to complete service on Subaru Corporation or show good cause for why the time to serve should be extended. Should Plaintiff fail to either complete service or show good cause for an extension by the deadline set forth above, Subaru Corporation will be dismissed without prejudice from this action for failure to serve and/or prosecute, and the case will be closed.

IT IS SO ORDERED.

Dated: January 15, 2020 at Honolulu, Hawai'i.

Derrick K. Watson
United States District Judge

---

*Richard Slezak v. Subaru Corporation, et al*; Civil No. 19-00082 DKW-KJM; **ORDER (1) GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS FIRST AMENDED COMPLAINT, AND (2) NOTIFYING PLAINTIFF OF DEFICIENCY IN SERVICE**