IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| RICHARD SLEZAK,<br><br>Plaintiff,<br><br>v.<br><br>SUBARU CORPORATION,<br><br>Defendant. | Case No. 19-cv-00082-DKW-KJM<br><br>**ORDER (1) GRANTING PLAINTIFF LEAVE TO FILE A PROPOSED SECOND AMENDED COMPLAINT; AND (2) HOLDING IN ABEYANCE PLAINTIFF'S OTHER REQUESTS FOR RELIEF**[1] |

In a January 15, 2020 order, the Court allowed Plaintiff Richard Slezak, who is proceeding pro se and *in forma pauperis*, until March 2, 2020 to either serve the First Amended Complaint (FAC) on Defendant Subaru Corporation (SC) or seek additional time to do so. Dkt. No. 28. On March 5, 2020, Slezak instead filed a motion that requests numerous forms of relief ("the Motion"), including leave to amend the FAC. Dkt. No. 32. While Slezak provides scant (if any) basis for allowing leave to amend, because he is proceeding pro se, and to afford him the widest possible latitude in that regard, the Court will permit Slezak to file a <u>proposed</u> second amended complaint for the Court's review. To the extent the <u>proposed</u> second amended complaint is consistent with the instructions set forth

---

[1]Pursuant to Local Rule 7.1(c), the Court finds this matter suitable for disposition without a hearing.

below, the Court will then consider the other requests set forth in the Motion, which are, therefore, held in abeyance until that time. Should the *proposed* second amended complaint fail to follow the instructions set forth below or should Slezak fail to file a proposed second amended complaint within the time allotted, Slezak is hereby forewarned that this case–now over a year old–may be dismissed for failure to timely serve the only remaining named defendant, SC, within the time permitted by Fed.R.Civ.P. 4(m) and this Court's orders.

## LEGAL STANDARDS

The Court liberally construes Slezak's pro se filing. *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). However, the Court cannot act as counsel for a pro se litigant or supply the essential elements of a claim. *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). In addition, a pro se litigant must follow this Court's Local Rules and the Federal Rules of Civil Procedure. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa Cty.*, 693 F.3d 896, 925, 928 (9th Cir. 2012).

Pursuant to Federal Rule Civil Procedure 15(a), after a pleading has been amended once, a party may amend a pleading only with leave of court, which

2

should be freely given when justice so requires. Fed.R.Civ.P. 15(a)(2).[2] A court may, however, deny leave to amend due to undue delay or failure to cure deficiencies by amendments previously allowed or where further amendment would be futile. *See, e.g.*, *Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009); *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

## DISCUSSION

In the Motion, Slezak seeks leave to amend as follows: "Plaintiff requests leave to file an amended complaint based on Fraud of Subaru, Subaru of America, Servco Pacific and to add/re-add them as defendants to this and include this count." Dkt. No. 32 at 1. Later, Slezak asserts that he bought a car from a dealership and, at purchase, he received warranty books stating that Subaru of America was responsible for warranty and replacement. Dkt. No. 32-1 at ¶ 3. Slezak then asserts that he "believe[s] that Subaru, Subaru of America, Servco Pacific and/or their predecessors/successors distributed documents knowingly with fraudulent intent to prevent me from warranty service/car replacement and false advertising." *Id*.

In this light, it appears that Slezak hopes to amend the FAC in order to assert a claim of fraud against a named defendant (SC), a defendant that has already been

---

[2]Here, Slezak has already filed an amended complaint in this action. Dkt. No. 9. Therefore, Rule 15(a)(2) applies.

3

dismissed (Subaru of America), and an unnamed defendant (Servco Pacific). Although the Motion contains some factual assertions pertaining to any such claim, Slezak fails to satisfy a preliminary requirement when seeking leave to amend: he has failed to attach the proposed amended complaint to the Motion. *See* Local Rule 10.4 ("A motion or stipulation to amend a pleading shall be accompanied by the proposed amended pleading….").[3] Therefore, the Court cannot presently assess whether justice requires leave to amend the FAC, as the Court has no way of knowing the specific claim that Slezak intends to amend or add, the alleged facts underpinning the same, or who Slezak's specific claim(s) targets.

This is especially relevant here, given that Slezak appears to seek leave to add a claim of fraud. Under the Federal Rules of Civil Procedure, the circumstances constituting fraud must be alleged *with particularity*. Fed.R.Civ.P. 9(b); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003) (explaining that Rule 9(b)'s "particularity requirement" applies to state law claims of fraud). This means that a claim of fraud must contain "the who, what, when, where, and how" of the alleged misconduct. *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 964 (9th Cir. 2018) (quotation omitted). So it is clear, in Slezak's

---

[3]Given Slezak's pro se status, the Court will not require him to file a redlined version of the proposed second amended complaint. *See* Local Rule 10.4. That being said, Slezak **must** file a clean version of the proposed second amended complaint for the reasons stated above.

4

proposed second amended complaint, he must satisfy the heightened particularity requirement of Rule 9(b) should he allege fraud.

In addition, in the proposed second amended complaint, Slezak must also comply with the following instructions. Other than claims that have already been dismissed in this action, the proposed second amended complaint <u>must</u> allege all claims Slezak intends to proceed with going forward. This is because Slezak may not incorporate any part of the FAC in the proposed second amended complaint. To the extent any claims are not re-alleged, they may be deemed voluntarily dismissed. *See Lacey*, 693 F.3d at 928 (stating that claims dismissed with prejudice need not be re-alleged in an amended complaint to preserve them for appeal, but claims that are voluntarily dismissed are considered waived if they are not re-pled). In support of his claims, Slezak must write short, plain statements telling the Court: (1) the specific basis of this Court's jurisdiction; (2) the legal right(s) he believes were violated; (3) the name of the defendant(s) who violated those right(s); (4) exactly what each defendant did or failed to do; (5) how the action or inaction of a defendant is connected to the violation of Slezak's right(s); (6) what specific injury he suffered because of a defendant's conduct; and (7) what relief he seeks.

With respect to jurisdiction, as the Court has previously identified, the only present basis for federal jurisdiction over this case appears to be either the general diversity statute or the Magnuson Moss Act (MMA). *See* Dkt. No. 7 at 8. Therefore, in the proposed second amended complaint, Slezak must **clearly** state the basis for the Court's jurisdiction and, should jurisdiction rely on general diversity or the MMA, Slezak must allege the amount in controversy in this action and the citizenship (if known) of each named plaintiff and defendant. In that regard, the Court reminds Slezak that the alleged amount in controversy must be made in "good faith" to control at this stage of the proceedings. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-289 (1938).

Finally, to the extent a proposed second amended complaint fails to follow the instructions herein or is not filed by the deadline set forth below, the Court will consider whether to dismiss this case without prejudice for failure to serve SC, taking into consideration the other forms of relief sought in the Motion.

## **CONCLUSION**

For the reasons set forth herein, the Motion, Dkt. No. 32, is GRANTED IN PART and HELD IN ABEYANCE IN PART.

Slezak may have until **April 10, 2020** to file a proposed second amended complaint.

IT IS SO ORDERED.

Dated: March 11, 2020 at Honolulu, Hawai'i.

Derrick K. Watson
United States District Judge

---

*Richard Slezak v. Subaru Corporation*; Civil No. 19-00082 DKW-KJM; **ORDER (1) GRANTING PLAINTIFF LEAVE TO FILE A PROPOSED SECOND AMENDED COMPLAINT; AND (2) HOLDING IN ABEYANCE PLAINTIFF'S OTHER REQUESTS FOR RELIEF**