IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| RICHARD SLEZAK,<br><br>    Plaintiff,<br><br>    v.<br><br>SUBARU CORPORATION,<br><br>    Defendant. | Case No. 19-cv-00082-DKW-KJM<br><br>**ORDER (1) DISMISSING DEFENDANT SUBARU CORPORATION WITHOUT PREJUDICE, (2) DENYING MOTION FOR RELIEF, AND (3) CLOSING CASE** |

On January 15, 2020, this Court entered an Order that, among other things, notified pro se Plaintiff Richard Slezak of his failure to serve Defendant Subaru Corporation (SC) and instructed him to serve the First Amended Complaint (FAC) on SC by March 2, 2020 (or seek additional time to do so). Dkt. No. 28. The Court specifically warned Slezak that failure to act on the Court's instruction would result in dismissal without prejudice of SC for failure to serve and, because the only other named defendant in this action had been dismissed, closure of this case. *Id*. at 15. Although Slezak failed to provide any indication by March 2, 2020 that SC had been served, on March 5, 2020, he filed a motion requesting numerous forms of relief ("the Motion"), including leave to amend the FAC. Dkt. No. 32. In order to afford Slezak the widest possible latitude with respect to his pro se status, the Court permitted him to file a proposed second amended

complaint by April 10, 2020.  Dkt. No. 33.  The Court also held in abeyance the other forms of relief Slezak sought in the Motion pending receipt of the proposed second amended complaint.  *Id*. at 6.  A proposed second amended complaint was not filed on or before April 10, 2020.  Instead, on April 16, 2020, Slezak filed a motion for extension of time to file a proposed second amended complaint, which the Court granted in part.  Dkt. Nos. 34-35.  Specifically, because of Slezak's pro se status, the Court allowed him "one final extension" to file a proposed second amended complaint by April 27, 2020.  Dkt. No. 35.  In addition, the Court forewarned Slezak that no further extension of time would be provided and this case could be dismissed should Slezak fail to file a proposed second amended complaint.  April 27, 2020 has now come and gone, and nothing has been filed on the Court's docket by Slezak.

As the Court has reminded Slezak on multiple occasions, this case has been pending for more than a year and, as yet, SC has not been served.  *See* Dkt. No. 28 at 9-11; Dkt. No. 33 at 2; Dkt. No. 35.  In addition, Slezak has now failed to file a proposed second amended complaint despite repeated opportunities and extensions of time for him to do so.  Therefore, because Slezak has been notified on numerous occasions of the deficiencies in serving SC and in providing a proposed

second amended complaint,[1] the Court finds that SC should be DISMISSED WITHOUT PREJUDICE as a result of Slezak's failure to timely serve and/or prosecute this case. *See Montalbano v. Easco Hand Tools, Inc.*, 766 F.2d 737, 740 (2d Cir. 1985) (affirming the dismissal of a Japanese corporation for failure to timely serve where the plaintiff "never attempted to serve process in a foreign country" pursuant to the Federal Rules of Civil Procedure).

Further, with the dismissal of SC, all defendants named in this action have now been dismissed. In that light, the remaining requests for relief in the Motion, Dkt. No. 32, are DENIED or DENIED AS MOOT.[2]

---

[1] In light of Slezak proceeding pro se, the Court notes that he has also failed to provide the U.S. Marshal with sufficient information so that the Marshal could attempt to serve SC on Slezak's behalf.

[2] Specifically, because of the dismissal of all named defendants, it is unnecessary for Slezak to have free use of Pacer and, thus, this request is denied as moot. As for Slezak's assertions that Subaru of America agreed to accept service on behalf of SC, to the extent this is intended to request reconsideration of whether SC has been timely served, the request is denied. Among other things, the record reflects that Subaru of America is not authorized to accept service of process on behalf of SC. *See* Dkt. No. 28 at 10. Next, Slezak's request for further time to serve SC is denied because he has been provided numerous extensions of time to serve SC and, as yet, has failed to do so, even though the case is more than a year old. Given the amount of delay involved, Slezak's alleged medical condition(s) do not change this calculus. Finally, Slezak's request for leave to file a second amended complaint is denied because he has failed to submit a proposed version of the same for the Court's review, as required by the Local Rules. *See* Dkt. No. 33 at 4 (citing Local Rule 10.4).

Accordingly, the Clerk is directed to CLOSE this case.

IT IS SO ORDERED.

Dated: May 20, 2020 at Honolulu, Hawai'i.

_____
Derrick K. Watson
United States District Judge

---

*Richard Slezak v Subaru Corporation*; Civil No. 19-00082 DKW-KJM
**ORDER (1) DISMISSING DEFENDANT SUBARU CORPORATION WITHOUT PREJUDICE, (2) DENYING MOTION FOR RELIEF, AND (3) CLOSING CASE**